**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4887 |

January 9, 2008

## LETTER ORDER

Re:   Tracy Little v. Newark Beth Israel Medical Center
      Civil Action No. 07-2019 (PGS) (ES)

Pending before this Court is Defendant Newark Beth Israel Medical Center's ("Defendant") motion for a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e).  Plaintiff has not filed any opposition to Defendant's motion, which was filed several months ago (on July 24, 2007). Thus, the motion is currently uncontested.

FRCP 12(e) states as follows: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."  FRCP 8(a)(2)'s liberal pleading standard requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Defendant asserts that the Complaint filed by Plaintiff Tracy Little ("Plaintiff") does not identify a statute or law at issue, does not state a specific act which is alleged to be in violation of a law, and does not state a factual or legal basis for a claim against Defendant.

Courts generally hold *pro se* complaints to a lower standard than those drafted by attorneys.  *Estelle v. Gamble*, 429 U.S. 97 (1976) ("A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers...); *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004).  Motions for a more definite statement are generally disfavored and are intended for the "rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." *Schaedler v. Reading Eagle Publications, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967).

Plaintiff's statement of the claim entitling him to relief is one sentence long and reads as follows: "The hospital tried to force me to go to trial in order to get my job back."  Plaintiff also attaches several pieces of correspondence to the complaint itself.  Taken as a whole, however, Plaintiff's complaint fails to satisfy Rule 8(a)'s basic pleading requirements.  Defendant is given no notice of the statutory basis for the claims against it, nor is Defendant apprised of the general

factual conduct underlying those claims.  Defendant cannot be forced to interpose an answer without knowing the actual charges against it.

Thus, Defendant's motion for a more definite statement is **GRANTED.**  Within 30 days of receipt of this Order, Plaintiff shall file an amended complaint.  In that amended complaint, Plaintiff shall identify the statute(s) underlying his claims and the facts giving rise to them.  If Plaintiff fails to file an amended complaint within 30 days, Defendant is granted leave to file a motion to dismiss.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas**
**UNITED STATES MAGISTRATE JUDGE**